

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 8, 2014

**BY HAND & ECF**

The Honorable Denny Chin
United States Circuit Judge
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, New York 10007

      Re:    <u>**United States** v. **Justin P. White**</u>,
               **07 Cr. 848 (DC)**

Dear Judge Chin:

      The Government respectfully submits the following in opposition to Defendant Justin White's motion for early termination of supervised release. For the reasons that follow, the Government opposes the motion at this time.

## Background

      The defendant was convicted of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), after a search of his computer in or about June 2007 and other evidence revealed that he had twice purchased a membership to a child pornography website and downloaded more than 1,000 images and videos, the "overwhelming majority" of which involved prepubescent children. (PSR ¶ 24). Upon a plea of guilty, in September 2008, the Court sentenced the defendant to 78 months' incarceration, the low end of the Guidelines range, and to the mandatory minimum term of supervised release of 60 months. *See* 18 U.S.C. § 3583(k). The defendant was released from prison and began his term of supervised release in June 2013.

      A little over a year later, by motion dated September 16, 2014, the defendant moved to terminate his supervised release, and on or about September 25, 2014, Your Honor (sitting by designation in the Southern District of New York) ordered the Government to advise the court whether it opposes the motion, and if so, to respond within fourteen days.

Hon. Denny Chin
October 8, 2014
Page 2

## Discussion

The defendant is not entitled to early termination simply because he has complied with the terms of his supervision so far. The statute governing supervised release provides as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation [Rule 32.1], if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

18 U.S.C. § 3583(e)(1). But early termination of supervised release is warranted only where "changed circumstances" since the imposition of sentence, such as "exceptionally good behavior" by the defendant, "render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). In the absence of such changed circumstances, mere compliance with the terms of supervised release, by itself, is insufficient to justify early termination. *United States v. Monteperto*, No. 01-CR-56 CBA, 2007 WL 914545 (E.D.N.Y. Mar. 23, 2007) (denying request for early termination where post-release conduct, while "laudable," was not "exceptional"). If the law were otherwise, and an unblemished record alone would justify termination, "the exception would swallow the rule." *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998).

The Government has conferred with his supervising Probation Officer, who confirms that he has adhered to the terms of his supervised release so far. Nevertheless, the Probation Office opposes his motion at this time, because although he has complied with the terms of supervision so far, and his behavior post-release, including participation in therapy, is promising, it is simply too early to make a judgment about whether (especially in light of the underlying offense conduct) he poses any danger to the community. In particular, Probation would like to observe whether the defendant successfully forms longer-term personal relationships, an important sign of stability and reduced risk of recidivism.

The Government joins that view. The Government respectfully submits that the statutory mandatory minimum term of supervised release of five years reflects a judgment by Congress that defendants convicted of child exploitation offenses typically warrant a meaningful term of supervision following their release from prison to ensure they pose no danger to the community, and the record in this case supports that judgment. Based on a forensic analysis of his computer, it appeared that the defendant collected most of the child pornography he possessed in the two months he purchased memberships to the website (April and June 2006), but that analysis also suggested that he had previously downloaded child pornography in short bursts of a day or so in January and February 2006, Fall 2005, and January 2004. He accessed a few of the files in May 2007, one month before the search warrant leading to his arrest was executed. (PSR ¶ 25). In other words,

Hon. Denny Chin
October 8, 2014
Page 3

over more than a three-year period, the Defendant went months, even a year or more between periods of consuming child pornography, but he returned to that behavior, even until just shortly before his arrest. In light of that record, the Government respectfully submits that it would be prudent to continue to observe the defendant under the terms of his supervised release, and to confirm that he poses no further threat, before terminating supervision (although early termination may indeed be appropriate in the future).

In his application, the defendant places a fair bit of weight on the fact that he completed a drug treatment program while in prison (Def.'s Mot. at 2-3), but the gravamen of his offense was child exploitation, not drug possession or distribution, and the commentary that defendant relies upon as a basis for early termination discusses a drug addict who demonstrates recovery, "thereby reducing the risk to the public from further crimes of the defendant," not a defendant convicted of a sex offense. U.S.S.G. § 5D1.2 app. n.5. Completion of a drug program, when drug addiction did not motivate his offense conduct, does not suggest he is less dangerous.

The defendant also relies heavily on a study of recidivism to argue that he poses a statistically less serious risk of recidivism, but the Government respectfully submits that specific considerations like the foregoing are more relevant to making an individualized determination under Title 18, United States Code, Section 3553. (Def.'s Mot. at 5-7). Moreover, the defendant cites the study for the proposition that early termination would "reduce[] [his] likelihood to recidivate." (*Id.* at 6). That argument conflates correlation and causation, however: it is equally (if not more) likely that judges terminate supervised release only in those cases where they judge the defendant least likely to reoffend based on the specific facts of that case (not because early termination increases the tendency to be law abiding).

### Conclusion

For the foregoing reasons, the Government respectfully submits that the Court, after considering the factors listed in Section 3553(a), should deny the defendant's application for early termination.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: *Adam S. Hickey / DMB*

Adam S. Hickey
Assistant United States Attorney
(202) 353-0203

cc: Probation Officer Shawnte Lorick (by e-mail)