UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA              :

        - against -                    :

JUSTIN P. WHITE,                      :

           Defendant.   :

- - - - - - - - - - - - - - - - - -x

```
┌──────────────────────────────────┐
│ USDC SDNY                         │
│ DOCUMENT                          │
│ ELECTRONICALLY FILED              │
│ DOC #:_____               │
│ DATE FILED: 11/3/15               │
└──────────────────────────────────┘
```

MEMORANDUM DECISION
& ORDER

07 Cr. 848 (DC)

CHIN, Circuit Judge:

       On October 10, 2014, I denied defendant Justin White's pro se motion for early termination of supervised release but noted that he was on the "right track," encouraging him to continue his employment, stay in compliance with the terms of his supervised release, and reapply for early termination following his second year of supervision.

       On July 24, 2015, after two years of supervision, White again submitted a pro se motion for early termination of supervised release.  On August 21, 2015, the Government advised that it and the Probation Office oppose the request. Nonetheless, White's motion is granted, and his supervision is terminated effective fourteen days from today.

       The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release."  18 U.S.C. § 3583(e)(1).  To do so, the Court must find that "such action

is warranted by the conduct of the defendant released and the interest of justice." Id.; accord United States v. Key, 602 F.3d 492, 494 (2d Cir. 2010) (per curiam).

Though courts grant early termination only "[o]ccasionally," we consider whether the terms or conditions of supervised release are now, in light of new or unforeseen circumstances or the supervisee's exceptionally good behavior, "too harsh or inappropriately tailored" to serve the purposes of supervised release, including purposes set out in the relevant 18 U.S.C. § 3553(a) factors. United States v. Lussier, 104 F.3d 32, 34-36 (2d Cir. 1997); see 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

The fundamental purpose of supervised release is "to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release." United States v. Aldeen, 792 F.3d 247, 252 (2d Cir. 2015) (quoting S. Rep. No. 98-225, at 124 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3307). "Supervised release is not, fundamentally, part of the punishment; rather, its focus is rehabilitation." Id.; see also United States v. Johnson, 529

U.S. 53, 59 (2000) ("Supervised release fulfills rehabilitative ends, distinct from those served by incarceration.").

White has been making progress in his rehabilitation, and, based on all the circumstances, I am confident that he will continue to do so, even without the Government's supervision. Since being released, White has not reoffended.  The Probation Office characterized White's compliance with the terms of supervised release as "good" and reported that he "continues to engage in sex offender treatment at New York Forensics, has not evidenced use of any illicit substances, and is presently working for a start-up company."  Gov't Letter at 2, ECF No. 29. This progress has now continued for over two years.  He is leading an ordinary, productive life.

The circumstances of his arrest and conviction further convince me that White will maintain the progress he has made. Following his arrest for the instant offense and prior to sentencing, White lived productively, helping his mother and step-father operate their transport business.  He also, on his own initiative, attended counseling for his various emotional and psychological issues.  When Pretrial Services referred him for additional counseling, he never missed an appointment.  His counselor there indicated that he carried a low risk of reoffending, and, so far, that prediction has held true.

For someone like White -- who is employed, who can and will consistently attend counseling, and who carries a low risk of reoffending -- further supervision does little to advance the interest of justice or his rehabilitation.  <u>See</u> 18 U.S.C. §§ 3553(a), 3583.  Rather, White's behavior convinces me that he has made substantial progress and that he has the conviction and capacity to continue to do so without further supervision.  In the interest of justice, I hereby grant White's motion for early termination of supervised release, effective fourteen days from today.

       SO ORDERED.

Dated:     New York, New York
            November 3, 2015

            DENNY CHIN
            United States Circuit Judge
            Sitting by Designation